*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-098

NOVEMBER TERM, 2013

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| | } Superior Court, Grand Isle Unit, |
| v. | } Criminal Division |
| | } |
| | } |
| Donald J. Shepherd | } DOCKET NO. 48-6-09/27-2-10 Gicr |

Trial Judge: Dennis R. Pearson

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a superior court order denying his motion for reduction of sentence as untimely. We reverse and remand for consideration of the motion on its merits.

The facts may be summarized as follows. In July 2010, defendant entered into a plea agreement in which he pled guilty to charges of aggravated sexual assault, lewd and lascivious conduct with a child, and sexual exploitation of a child, with a total recommended sentence of twenty-five years to life. Numerous additional charges were dismissed in exchange for the plea. The plea agreement provided that defendant waived the right to appeal except as to irregularities in the plea colloquy. It also allowed him to argue for a lesser sentence. In August 2010, a sentencing hearing was held, and defendant received a sentence of twenty-five years to life. The State sought restitution for a number of expenses incurred by the victim and his family, including $13,000 for their relocation expenses. Although the trial court initially denied the request for relocation expenses, it reconsidered its position and, in March 2011, issued an order requiring defendant to pay the relocation expenses.

The same month that the order of restitution issued, in March 2011, defendant filed a stipulation to dismiss the appeal, which is automatic in cases involving a life sentence. V.R.A.P. 3(b)(2)(A). In April 2011, we issued an order rejecting the stipulated dismissal absent a waiver on the record in open court, as required by V.R.A.P. 3(b)(2)(B). A hearing was set for June 2011, in which defendant withdrew his waiver. In July 2011, while the appeal was thus still pending, defendant filed a motion for reduction of sentence. In August 2011, in response to the motion, the trial court issued an order stating that "the appeal is still pending," that Rule 35 of the Rules of Criminal Procedure permits a motion to reduce sentence "within 90 days after entry of judgment by the Supreme Court" upholding a conviction, that the motion was therefore "premature," and that defendant "may refile the motion at the appropriate time."

The appeal proceeded, addressed solely to the issue of restitution for relocation expenses. On October 26, 2012, we issued an opinion affirming the restitution order. State v. Shepherd, 2012 VT 91, 192 Vt. 494. On January 22, 2013, within the 90-day period provided by Rule 35, defendant filed a renewed motion for reduction of sentence. In a brief entry order, the trial court

denied the motion, stating that this Court's decision in <u>Shepherd</u> dealt only with the "collateral restitution order" and that Rule 35 did "not apply to the extent Defendant seeks 2nd sentence reconsideration;" that the "Supreme Court's Entry Order (4/11/11) requiring on-the-record and 'open court' waiver of his appeal rights as to conviction & sentence . . . <u>did</u> trigger his 90 day window for sentence reconsideration;" that defendant "then <u>did</u> file motion or reconsideration," and "that motion was denied by the court on 8/11/11, and apparently not appealed."

Defendant contends the trial court misconstrued the record and misapplied the Rule to hold that his motion for reduction of sentence was untimely. The State concedes that "some of the trial court's procedural facts are inaccurate" but argues that the error was harmless because, on the merits, the evidence that defendant claims the sentencing court "did not receive" was irrelevant.

Nothing in the record supports a conclusion that, for purposes of triggering the 90-day period under Rule 35, any final judgment was entered by this Court before our decision in <u>Shepherd</u>, 2012 VT 91, on October 26, 2012. As the trial court correctly observed in its August 11, 2011 order on defendant's initial motion for sentence reduction, the matter was still on appeal, the motion was therefore premature, and defendant remained free to refile at the appropriate time. The issue on appeal was immaterial. The renewed motion was timely filed within 90 days of our decision, and the trial court consequently erred in denying it as untimely. The State's argument on the merits cannot be adequately assessed until the trial court is afforded an opportunity, on remand, to address the claim.

<u>Reversed and remanded</u>.


BY THE COURT:


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Geoffrey W. Crawford, Associate Justice


2